■ In the Matter of HELEN ABADINSKY, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [654 NYS2d 679] —In a proceeding pursuant to CPLR article 75 to compel arbitration of an uninsured motorist claim, New York Central Mutual Fire Insurance Company appeals from a judgment of the Supreme Court, Richmond County (Sacks, J.H.O.), entered June 28, 1995, which granted the cross petition of the respondent State Farm Mutual Automobile Insurance Company to permanently stay arbitration, with prejudice, and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

While a passenger in a vehicle insured by the respondent State Farm Mutual Automobile Insurance Company (hereinaf-

ter State Farm), the petitioner allegedly sustained injuries in an accident with a hit-and-run driver. In this proceeding to compel arbitration of her uninsured motorist claim, the petitioner asserted that the hit-and-run driver had not been identified. In its cross petition to permanently stay arbitration, State Farm contended that the hit-and-run driver had been identified as Anthony Lofaso, who was insured by the appellant New York Central Mutual Fire Insurance Company (hereinafter New York Central) on the date of the accident. The matter was scheduled for a hearing at which Lofaso testified that he was not involved in any accident on the day in question.

Prior to the commencement of this proceeding, State Farm had paid its insured's property damage claim. State Farm subsequently recovered that payment from New York Central in an intercompany arbitration proceeding. Consequently, State Farm contended that New York Central was collaterally estopped from litigating the issue of Lofaso's involvement in the accident in this proceeding.

The Judicial Hearing Officer (hereinafter JHO) determined that Lofaso himself was collaterally estopped from denying his involvement in the accident in a personal injury action commenced against him by the petitioner. In making that determination, the JHO decided an issue which was not properly before him in this proceeding and failed to determine the issue which was presented. Based upon the record before us, we cannot decide the issue presented and therefore we remit the matter for a proper determination. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.